**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

VICTOR SANCHEZ, TEDDY SANCHEZ

Plaintiffs,

vs.

WALGREEN COMPANY et al.

Defendants.

No. 2:20-CV-01291-GBW-KRS

**DEFENDANT WALGREEN CO.'S RESPONSE TO MOTION TO REMAND**

Defendant Walgreen Co. (improperly named as "Walgreen Company") (hereinafter "Walgreens") responds to Plaintiffs' Motion to Remand as follows:

## I. INTRODUCTION

Walgreens, the only Defendant that has been served in this matter, timely filed a Notice of Removal establishing a proper basis for diversity jurisdiction. In response, Plaintiffs filed a Motion for Remand, failing to recognize that the U.S. Supreme Court has definitively held that removal is due within 30 days of service, not merely a defendant's receipt of a copy of the complaint. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Plaintiffs also incorrectly assert that naming fictitious defendants should bar removal until they have conducted discovery. But, the law is clear on this also – fictitious defendants must be disregarded in the jurisdictional analysis. Finally, the only named individual Defendant in this matter is not a proper party to this action and, regardless, has diverse citizenship from all other parties. Accordingly, this case is properly before this court.

## II. RELEVANT FACTUAL BACKGROUND

Plaintiffs are citizens of New Mexico. (*See* Compl. ¶ 2.) The complaint purports to name three corporate Defendants: "Walgreen Company, Walgreens Store #12469, and Walgreens Boots Alliance Inc". (*See* Compl.) Defendant Walgreens is a wholly owned subsidiary of Walgreens Boots Alliance, Inc. ("WBA"), is incorporated in the state of Illinois and has its principal place of business in Deerfield, IL. (Declaration of Joseph Amsbary, Jr. at ¶¶ 4-5.) Walgreens Store #12469 is not an independent legal entity; rather, it is the number assigned to the location where Defendant Surafel Tafesse was employed, which is owned and operated by Defendant Walgreens. (Declaration of Donna Brent at ¶ 4.) WBA is not registered to do business in New Mexico nor does it do business in New Mexico. (Amsbary Decl. at ¶ 3.) It is a holding company, incorporated in Delaware, with a small number of employees outside of New Mexico. *Id*. Further, WBA has not been served. *Id*.

Plaintiffs have also sued Defendant Walgreens' former employee Tafesse, as well as two fictitious individual Defendants, David Davis and Jane Jones. (Compl. ¶ 5.) Upon information and belief, Surafel Tafesse is a citizen of Texas. (Brent Decl. at ¶ 4.)

Plaintiffs filed charges of discrimination with the New Mexico Human Rights Bureau on or about July 5, 2019. (Declaration of Amelia Willis at ¶¶ 5-6, Exhibits A & B.) Defendant Walgreens terminated Surafel Tafesse's employment prior to Plaintiffs' charges of discrimination to the Human Rights Bureau and Tafesse did not participate in that process. (Compl. ¶ 16). The NMHRB issued no probable cause determinations on Plaintiffs' charges on June 9, 2020. (Dkt. 5-1 at ¶¶ 4-6 and Exhibits A & B.)

On September 9, 2020, Plaintiffs filed this action alleging violations of the New Mexico Human Rights Act, NMSA §§ 28-1-7 *et seq*. ("NMHRA claims"). (*See* Dkt. 1-1.) Plaintiffs also

purport to assert two other state tort claims arising from the same set of facts: a Whistleblower Protection Act claim and a "public policy" claim. Plaintiffs seek damages in the form of economic, non-economic and compensatory damages, costs, fees and interest. (Compl. ¶ 50.) After filing the complaint, Plaintiffs' counsel demanded in excess of $200,000 to settle the matter.[1] (Willis Decl. at ¶ 7.)

Counsel for Plaintiffs emailed a copy of the complaint to in-house counsel for Defendant Walgreens on October 2, 2020, asking in-house counsel to confirm whether he "will/will not accept this email service as proper service." (Dkt. 9-1.) Defendant Walgreens did not confirm service of the complaint or respond to the email. (*See* Dkt. 9-2.) On November 12, 2020, the undersigned counsel for Defendant Walgreens accepted service by email effective the same day, a date to which counsel for Plaintiffs agreed. (Dkt. 9-3.) Defendant Walgreens filed its Notice of Removal on Monday, December 14, 2020. (Dkt. 1.)

## II. LEGAL ARGUMENT

### A. Walgreens' Notice of Removal was Timely Filed.

In asserting that Walgreens failed timely to remove this matter, Plaintiffs rely on an incorrect interpretation of the removal statute, which the U.S. Supreme Court rejected more than twenty years ago. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). This statute, 28 U.S.C. § 1446(b)(1), states that a defendant must remove within 30 days of receipt of the pleading "through service or otherwise."

In *Murphy Bros*., the plaintiff had faxed a copy of the complaint to the defendant prior to service of the summons and argued that the date of the fax started the 30-day clock for removal. Disagreeing, the Court held that the time for removal did not begin to run until after service of the complaint. *Id*. at 350, 354 ("Service of process … is fundamental to any procedural

[1] Plaintiffs have not contested that the amount in controversy exceeds $75,000.

imposition on a named defendant"); *accord Driscoll v. Costco Wholesale Corp.*, No. CV 19-0026 JHR/KK, 2019 WL 2581632, at *3 (D.N.M. June 24, 2019) ("In sum, [plaintiff's] position - that her act of faxing a courtesy copy of her complaint to [defendant] started the removal clock - has been and is rejected.").

Here, Plaintiffs' act of e-mailing their complaint to Walgreens' in-house counsel did not constitute service under New Mexico law. *See* 1-004 NMRA (no provision for service by e-mail). Further, Plaintiffs' counsel expressly acknowledged and agreed that service was effective on November 12, 2020. (Dkt. 9-3.) Thus, the 30-day period to remove this case expired on December 12, 2020 (a Saturday), making the deadline for filing removal Monday, December 14. *See* Fed. R. Civ. P. 6(a)(2)(C). Accordingly, Walgreens' December 14, 2020 Notice of Removal was timely filed. (*See* Dkt. 1.)

**B. Plaintiff's Fictitious Defendants Should be Disregarded.**

Jurisdiction—including the presence of diverse parties—is to be examined under the circumstances existing at the time of removal. *Driscoll*, 2019 WL 2581632, at *4 (rejecting remand based on stated intent to name a non-diverse defendant). Here, Plaintiffs assert that the fictitious names they use for individuals they have yet to identify warrant a remand, but "[u]nder the federal removal statutes[,] the presence of "John Doe" defendants at the commencement of an action creates no impediment to removal." *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008); 28 U.S.C. § 1441 ("the citizenship of defendants sued under fictitious names shall be disregarded"); *accord Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1235 (10th Cir. 2006) ("[C]itizenship of defendants sued under fictitious names is disregarded for the purposes of diversity jurisdiction at the time of removal.").

Plaintiffs misconstrue the applicable burdens by arguing that Defendants must "show that

neither Jane Jones nor David Davis lives in New Mexico." However, remand is not proper unless and until an unnamed party is properly joined. *McPhail*, 529 F.3d at 951; *see Smith v. Liberty Mut. Fire Ins. Co.*, No. 1:18-CV-00739-RB-LF, 2019 WL 1494037, at *3 (D.N.M. Apr. 4, 2019) (rejecting argument that remand was proper because necessary information to identify individuals was contained in records of known defendant). Here, Plaintiffs have failed to join additional parties, and thus inclusion of the unnamed defendants "Jane Jones" and "David Davis" cannot warrant remand. *See Smith*, 2019 WL 1494037, at *3 ("In determining the existence of complete diversity, it is well established that the Court must disregard the John Doe agents and adjusters named in Plaintiff's amended complaint").

**C. Walgreens Store #12469 is Not an Entity Capable of Being Sued.**

Plaintiffs state in their motion that "Walgreens Store #12469" is a "proxy Defendant" for unnamed individuals, or alternatively, that "because of Defendant Store #12469," Defendant Walgreens Co. itself is a New Mexico corporation for purposes of diversity jurisdiction evaluation." Plaintiffs cite no law in support of their alternative assertions, and Walgreens is aware of none.

As to Plaintiffs' first contention, they appear to be acknowledging that Store #12469 is a fictitious defendant. Thus, as described above, this entity should be disregarded by the court when evaluating jurisdiction. As to Plaintiffs' second contention, it is well established that citizenship of a corporation is determined solely by reference to the corporation's state of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). Walgreens is incorporated in Illinois and has its principal place of business in the same state. (Amsbary Decl. at ¶ 4.) Plaintiffs' assertion that the mere presence of a store in New Mexico should confer citizenship on an out-of-state entity is entirely unsupported. Thus, remand is not warranted based on the

inclusion of "Walgreens Store #12469" as a Defendant.

**D. Defendant Tafesse Does Not Defeat Diversity.**

1. Tafesse is a citizen of Texas.

In their Motion, Plaintiffs fail even to address Walgreens' belief that its former employee Surafel Tafesse is a citizen of Texas, rather than New Mexico. Walgreens' records demonstrate that the last known address on file for Tafesse was in El Paso, Texas. (Amsbary Decl. ¶ 7.) As such, there is complete diversity among Tafesse, Plaintiffs and Defendant Walgreens.

2. Fraudulent Joinder Doctrine Prevents Remand.

Even if he were a citizen of New Mexico, his citizenship should be disregarded by this Court under the fraudulent joinder doctrine. "A defendant may remove a case to federal court based upon diversity jurisdiction in the absence of complete diversity if a plaintiff joins a nondiverse party fraudulently to defeat federal jurisdiction." *McDaniel v. Loya*, 304 F.R.D. 617 (D.N.M. Jan. 29, 2015) (*citing Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991)). *See also Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879 (10th Cir. 1967). In other words, if a court determines that a non-diverse defendant has been fraudulently joined, his citizenship may be disregarded and the action may be removed. *McDaniel*, 304 F.R.D. at 627.

In determining whether a defendant is fraudulently joined, district courts must "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Id.* (*citing Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)). Evidence of actual fraud is not required. *Id.* The standard of proof for fraudulent joinder is high, as the removing party must "demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party]". *McDaniel v. Loya*, 304 F.R.D. 617, 628 (D.N.M.

2015), citing *Montaño v. Allstate Indemnity*, 211 F.3d 1278, 2000 WL 525592, at **4-5 (10th Cir. Apr. 14, 2000).

Here, Defendant Walgreens meets this standard because Plaintiffs' claims are untenable: (1) Plaintiffs' New Mexico Human Rights Act ("NMHRA") claims are untimely; (2) the Whistleblower Protection Act of 2010 is not applicable here; and (3) Plaintiffs' "public policy" claim does not exist.

**a. Plaintiffs' NMHRA claims are untimely.**

As described in Walgreens' Motion to Dismiss, incorporated herein, Plaintiffs' NMHRA claims, including those against Tafesse, are untimely and therefore unsupportable. (*See* Defendant's Motion to Dismiss, Dkt. 5.)

Plaintiffs argue in their Motion to Remand that the statute of limitations should be tolled based upon Plaintiff Teddy Sanchez's illness. However, Plaintiffs have neither cited to any legal authority that such a jurisdictional prerequisite is subject to tolling under New Mexico law nor any authority that illness of one plaintiff tolls the limitations period when the two plaintiffs are married (and whose claims are inextricably entwined and nearly identical). Further, Plaintiffs have failed to offer any evidence establishing the illness, the dates of Plaintiff Teddy's alleged incapacity or factual reasons why (1) Plaintiffs could file their lawsuit on September 9, but not on September 7; and (2) Plaintiff Victor could not have overseen the filing of the lawsuit for both Plaintiffs on September 7.

Moreover, it has been established that Plaintiffs have been represented by their counsel since at least May 2, 2020 (during the pendency of the HRB investigation), five (5) months prior to filing the complaint. (Dkt. 9-7.) Plaintiffs do not explain in their motion why their attorney lacked the knowledge to file (or was otherwise prevented from filing) their complaint by the

limitations period.

**b. WPA does not apply.**

Plaintiffs have also purported to articulate claims against Defendant Tafesse under the Whistleblower Protection Act of 2010 ("WPA"). However, the WPA protects only public employees. *See* NMSA § 10-16C-2 *et seq*. This is not an employment dispute. There is no government entity involved in the instant suit, nor is there any claim by a public employee. *Id*. Finally, Plaintiffs impliedly admit this claim has no merit as they have expressed a desire to withdraw this claim. (*See* Motion for Remand, Dkt. 9.)

**c. Public policy claim does not exist.**

Finally, Plaintiffs attempt to assert a "public policy" claim. (*See* Compl. ¶¶ 46-49.) However, there is no such claim in the context of a retail customer, so they try to create one out of whole cloth. Undersigned counsel has not located any New Mexico authority to support such a claim and Plaintiffs do not offer any in their Motion for Remand. Therefore, Plaintiffs cannot state a "public policy" claim against Defendant Tafesse.

Accordingly, even if Defendant Tafesse's citizenship were New Mexico rather than Texas, the Court should apply the fraudulent joinder doctrine and disregard the citizenship of Defendant Tafesse for purposes of diversity jurisdiction and removal.

3. <u>Amended Complaint Cannot Circumvent Federal Jurisdiction.</u>

Plaintiffs cannot rely on some alleged future amendment to their complaint to establish a lack of jurisdiction, because removal jurisdiction is determined at the time of removal. *Casias v. Distribution Mgmt. Corp.,* No. 1:11-CV-00874 MV/RHS, 2012 WL 4511364, at *3 (D.N.M. Sept. 26, 2012). Courts have explained that "removal cases present concerns about forum manipulation that **counsel against allowing a plaintiff's post-removal amendments** to affect jurisdiction." *Id*. at *3 (emphasis added). Although a federal court "may properly remand if the

amendment...was made for legitimate purposes", an "amendment solely to destroy a federal court's diversity jurisdiction is not a legitimate purpose meriting remand." *Id*. at *4; *see also Trejo v. Safeway Ins. Grp*., No. 14-CV-913, 2015 WL 12856123, at *4 (D.N.M. Mar. 27, 2015) ("The Court is thus persuaded that Plaintiff's proposed amendment is primarily brought for its impact on diversity jurisdiction and should be denied.").

**E. Plaintiffs' Forum Defendant Rule Argument**

Finally, Plaintiffs argue that the "forum defendant" rule applies because Walgreens failed to "prove" upon removal that none of the "named or unnamed" defendants live in New Mexico. But, this misstates Walgreens' burden. A removal is only required to include plausible allegations, not proof, as set forth in Federal Rule 8. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 549 (2014). It is not until a plaintiff contests the removal allegations that both sides must submit proof and the court decides by a preponderance of the evidence whether basis for removal is established. *Owens*, 135 S.Ct. at 550; *see* § 1446(c)(2)(B).

As Defendant Walgreens has provided the necessary proof with the instant brief, it has shown that none of the Defendants is a New Mexico citizen. Plaintiffs have come forward with no evidence to contradict the basis for this court's diversity jurisdiction.

**F. Plaintiffs Are Not Entitled to Attorneys' Fees**

As demonstrated above, Defendant Walgreens' removal of this action was proper and Plaintiffs have no basis for seeking remand or fees.

**III. CONCLUSION**

For the reasons set out above, Plaintiffs' Motion for Remand should be denied.

Respectfully submitted this 25th day of January, 2021.

*s/ Amelia M. Willis*
Amelia M. Willis, Esq.
NM Bar No. 144042
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C.
One Ninety One Peachtree Tower
191 Peachtree Street, N.E., Suite 4800
Atlanta, Georgia 30303
Telephone: (404) 881-1300
Fax: (404) 870-1732
amie.willis@ogletree.com

*Attorneys for Defendant Walgreen Co.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

VICTOR SANCHEZ, TEDDY SANCHEZ,

Plaintiffs,

v.

WALGREEN COMPANY, WALGREENS STORE #12469, WALGREENS BOOTS ALLIANCE INC., SURAFEL G. TAFESSE, JANE JONES, DAVID DAVIS,

Defendants.

Case No.: No. 2:20-CV-01291-GBW-KRS

## CERTIFICATE OF SERVICE

I certify that on January 25, 2021, I electronically filed the foregoing **RESPONSE TO MOTION TO REMAND** with the Clerk of Court using the CM/ECF system, which served Plaintiffs' counsel as follows:

Paul M. Gayle-Smith
Law Offices of Paul M. Gayle-Smith
elawyer@gayle-smith.com

*/s/ Amelia M. Willis*
Amelia M. Willis
*Attorneys for Defendant Walgreen Co.*

45653452.1