# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

VICTOR SANCHEZ, and
TEDDY SANCHEZ,

      Plaintiffs,

v.                                                         Case No. 2:20-cv-01291-KWR-KRS

WALGREEN COMPANY, WALGREENS
STORE #12469, WALGREENS BOOTS
ALLIANCE INC., SURAFEL G. TAFESSE,
JANE JONES, DAVID DAVIS,

      Defendants.

## ORDER DENYING MOTION TO REMAND

**THIS MATTER** comes before the Court upon Plaintiffs' Motion to Remand to State Court, filed January 11, 2021. **Doc. 9**. Having reviewed the pleadings[1] and applicable law, the Court finds that Plaintiffs' Motion is not well taken and, therefore, is **DENIED**.

## BACKGROUND

Plaintiffs are a married, same sex couple. Plaintiffs have frequently used various Walgreens stores in the country to fill prescriptions without incident. Plaintiffs alleged that, beginning in 2018, they experienced a pattern of harassment, discrimination, and retaliation by named (Defendant Surafel G. Tafesse) and as yet unascertained employees (Defendants Jane Jones and David Davis) at Walgreens Store #12469, located in Las Cruces, New Mexico.

Plaintiffs filed their Complaint in state court on September 9, 2020. In the Complaint, Plaintiffs named three, purported corporate entities ("Walgreen Company[2], Walgreens Store

---

[1] Plaintiffs have not filed a Reply. Pursuant to D.N.M.LR-Civ. 7.4, the Court deems the motion fully briefed.
[2] Defendant "Walgreen Company" is improperly named; Walgreen Co. is Defendant's appropriate name.

#12469, and Walgreens Boots Alliance Inc"), as well as Tafesse and as yet unnamed other Walgreens employees[3]. Plaintiffs state that they were unable to ascertain the location of Defendant Tafesse[4] and it is undisputed that he has not been served with the summons and Complaint. **Compl., ¶ 4.**

In the Motion, Plaintiffs' counsel states that he initially emailed a copy of the lawsuit to "Walgreen Co.'s" inhouse counsel, who acknowledged receipt on October 2, 2020. **Doc. 9 at 2.** Plaintiffs asserts the following undisputed chronology with respect to service:

> On November 12, 2020, forty-one days after Defendant Walgreens received a copy of the complaint, Defendant Walgreens' outside counsel, Amelia M. Willis, informed Plaintiff's [sic] counsel via email that her firm (Ogletree Deakins) represented Defendant Walgreens and stated that she would accept service of the complaint via email if Plaintiffs' counsel agreed that service was effective on November 12, 2020. (Exhibit 3). On November 13, 2020, Plaintiff's [sic] counsel agreed that service of the complaint was effective on November 12, 2020. (Exhibit 3).

*Id.*

Plaintiffs seek to remand this case to state court on the grounds that (1) the removal was untimely and, (2) diversity jurisdiction is lacking. *Id.* **at 1.** Defendant Walgreen Co.'s motion to remove was filed on December 14, 2020 on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a). Although the Complaint did not specify an amount sought in damages, Defendant states that Plaintiffs' counsel demanded in excess of $200,000 to settle the matter. **Doc. 12 at 2; Doc. 12-5, ¶ 7.** Plaintiffs have not disputed that the amount in controversy exceeds $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014)

---

[3] The Court notes that Defendants Walgreens Boots Alliance Inc. has not been served.
[4] Defendant states that its records show the last known address on file for Tafesse was in El Paso, Texas. *See* **Doc. 12-4,** Declaration of Donna Brent (Legal Coordinator, Employment Law Walgreen Co.), ¶ 3. (Surafel Tafesse is a former Walgreen Co. employee. At the time he was employed by Walgreen Co., and currently, his home address on file was in El Paso, Texas."). Plaintiffs did not reply to or acknowledge Defendant's assertion.

([W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").

Plaintiffs contend the removal was untimely because it occurred "71 days after it received a copy of the complaint via email." **Doc. 9 at 3.** Defendant contends, among other things, that the removal was timely, 30 days *after service* of the Complaint as opposed to Plaintiffs' initial, improper email to inhouse counsel; that there is complete diversity in this action; and, even if Tafesse was a citizen of New Mexico, which Defendant Walgreens Co. contends he is not, he was fraudulently joined.

## DISCUSSION

**I.  The Removal was Timely**

A notice of removal must be filed within "thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b). A defect in the removal procedure is one of two grounds for remand specified in 28 U.S.C. § 1447(c). An untimely removal notice constitutes a defect in removal procedure warranting remand. *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1341 (D. Kan. 1997).

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "The removing party has the burden to show that removal was properly accomplished." *McShares*, 979 F. Supp. at 1342.

Here, Plaintiffs' arguments are untenable. New Mexico rules of service of process do not provide for service by email. *See* Rule 1-004 NMRA. Thus, Plaintiffs' mere act of emailing the Complaint to Defendant's inhouse counsel did not constitute service such that the deadline for removal was triggered. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) ("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process. Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."). Moreover, Plaintiffs' counsel confirmed that service was deemed effective on November 12, 2020, when Defendant's outside counsel agreed she would accept service via email. **Doc. 9 at 2;** *Id***., Ex. 3.** Accordingly, Defendant's time to remove expired 30 days from then, on December 12, 2020**.** As this was a Saturday, Defendant's filing for removal on the following Monday, December 14, 2020 was timely. Fed. R. Civ. P. 6(a)(2)(C).[5]

## II. The Court Does Not Consider the Citizenship of "Jane Jones" and "David Davis" for Establishing Jurisdiction .

---

[5] Plaintiffs initially filed charges of discrimination with the New Mexico Human Rights Bureau. The Bureau issued two no probable cause determinations on June 9, 2020. **Doc. 5, Exs. A-B.** Plaintiffs' Complaint asserts that "this action constitutes an appeal…" from those findings. **Doc. 1-1, ¶ 1.** In this Motion, Plaintiffs' counsel states that, "Remand of this case is particularly important because of the apparently very different federal and state practices regarding the 90-day statute of limitations for an appeal from a New Mexico Human Rights Bureau (NMHRB) non determination letter," because Plaintiffs did not file their appeal to state court "until apparently 91 or 92 days after the mailing of the NMHRB non-determination letter but well within 90 days of its actual receipt." **Doc. 9 at 4.** Counsel claims that Plaintiff Teddy Sanchez developed COVID-19 and was hospitalized in intensive care during the 90 days after the mailing of the NMHRD non-determination letter. Plaintiffs claim that the Court "may consider the equities of the alleged untimeliness in filing and may toll the limitation period in extraordinary circumstances." *Id***. at 5.** However, Defendant correctly notes that Plaintiffs have not cited any caselaw for the proposition that the illness of one Plaintiff tolls the limitations period for plaintiffs who are a married couple with effectively the same claims, or why the suit could not have been filed sooner under the supervision of Plaintiff Victor Sanchez. Inasmuch as the arguments are at all relevant, as the Court finds Defendant's removal was timely, the Court rejects Plaintiffs' unsupported arguments.

Plaintiffs next argue that, for the purposes of remand, the Court should consider "the apparent citizenship of Jane Jones and David Davis," the other employees purported to have discriminated and retaliated against Plaintiffs in the Las Cruces Walgreens store. **Doc. 9 at 7.** They claim that identification of these unknown defendants has been stymied because the relevant records are in Defendant's control, and that they intend to file an amended complaint upon further discovery and with additional causes of action. *Id*. **at 7-8.** Defendant counters that diversity of the parties is considered as they exist at the time of removal. **Doc. 12 at 4.** Defendant notes that fictitious names, such as "John Doe" defendants, is irrelevant and disregarded by the courts at the time of removal. Defendant is correct. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) ("Under the federal removal statutes the presence of 'John Doe' defendants at the commencement of an action creates no impediment to removal."); *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1235 (10th Cir. 2006) ("[T]he citizenship of 'John Doe' defendants should be disregarded when considering the propriety of removal under 28 U.S.C. §§ 1441(a) and 1332."); *See* 28 U.S.C. § 1441(a) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded."). Plaintiffs' argument that the burden is upon Defendant to show "that neither Jane Jones nor David Davis lives in New Mexico" is incorrect and absent support with apposite case law. Plaintiffs have not properly joined the unnamed parties such that the Court might consider their citizenship. *McPhail*, 529 F.3d at 951 ("§ 1447(e) states: '[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court.' Although § 1447(e) speaks of joinder, it has been held to apply when the complaint is amended to replace 'John Doe' defendants with defendants identified by name."); *See Smith v. Liberty Mut. Fire Ins. Co.*, 2019 WL 1494037, at *3 (D.N.M. Apr. 4, 2019) (rejecting plaintiff's argument that remand was appropriate because

5

identifying information for unnamed individuals were contained in records known to the defendant, with the knowledge that their identification would destroy diversity."). Thus, the Court rejects Plaintiffs' arguments.

### III. Walgreens Store #12469 is Not a Proper Defendant

Plaintiffs assert, without citation to legal authority, that the Las Cruces Walgreens store (#12469) where the alleged incidents occurred is a proper party to the action for the purposes of diversity jurisdiction. **Doc. 9 at 7-8.** Specifically, they claim that until discovery provides the opportunity to obtain the names of all the individuals involved, "their naming of Defendant Walgreens Store #12469 as a proxy defendant is appropriate." *Id*. **at 8.** They contend that the existence of the Store #12469 somehow renders Defendant Walgreens Co. a New Mexico corporation for diversity jurisdiction. *Id*.

Setting aside the fact that Plaintiffs have not provided any legal basis in support of their position, the Court agrees with Defendant that using the local store as a "proxy" for unknown individuals is effectively the same as using "Jane Jones" and "David Davis" and should be disregarded by the Court for the same reasons discussed in the preceding section of this Memorandum. Moreover, it is a basic principle of civil procedure that the citizenship of a corporation is determined by its state of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). Defendant Walgreen Co. is incorporated in Illinois with its principal place of business in that state. **Doc. 12-3, ¶ 4 (Amsbary Declaration).** The fact that it has a local store does not make an out of state corporate entity a citizen of New Mexico. The Court therefore concludes that Plaintiffs have not provided a basis for remand due to the inclusion of Walgreens Store #12469.

**IV.     The Court Rejects Plaintiffs' "Forum Defendant Rule" Argument**

Citing solely to 28 U.S.C. § 1441 (b)(2), Plaintiffs assert that, under "the forum defendant rule," "Defendant Walgreens has failed to unequivocally assert, let alone, prove that none of the defendants (named or unnamed in the complaint) live in New Mexico…" and claim that Defendant has not provided such proof with affidavits. **Doc. 9 at 10.** They again restate the argument that Defendant has strategically withheld information relating to the identity of individual defendants thereby preventing Plaintiffs from serving them. *Id.* The Court rejects these arguments as without support by any case law and finds that, at this stage of litigation, Defendant has met its burden for removal**.** *See Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 87. ("[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.' § 1446(a). By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure…Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the 'pleading' requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'".) (internal citation omitted)

Having determined that diversity jurisdiction exists such that removal was warranted, the Court need not reach the merits of Defendant's arguments relating to fraudulent joinder. In light of the Court's conclusion and finding that Defendant had an objectively reasonable basis for removal, the Court denies Plaintiffs' request for attorney's fees. **Doc.9 at 11.** Accordingly, Plaintiffs' Motion to Remand is **DENIED**.

**CONCLUSION**

The Court finds and concludes that Defendant timely removed this case, and there is complete diversity jurisdiction such that remand is improper. The Court has diversity jurisdiction over this case and, as a result, denies Plaintiffs' Motion to Remand.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand **(Doc. 9)** is hereby **DENIED** for reasons described in this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**