IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTOR SANCHEZ, and
TEDDY SANCHEZ,

      Plaintiffs,

v.                                          Case No. 2:20-cv-01291-KWR-KRS

WALGREEN COMPANY, WALGREENS
STORE #12469, WALGREENS BOOTS
ALLIANCE INC., SURAFEL G. TAFESSE,
JANE JONES, DAVID DAVIS,

      Defendants.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS MATTER** comes before the Court upon Defendant Walgreen Co.'s Motion to Dismiss, filed December 22, 2020. **Doc. 5**. Having reviewed the pleadings and applicable law, and considering Plaintiffs' failure to issue a response, the Court finds that Defendant's Motion is well taken and, therefore, is **GRANTED**.

Plaintiffs are a married, same sex couple. Plaintiffs have frequently used various Walgreens stores in the country to fill prescriptions without incident. Plaintiffs alleged that, beginning in 2018, they experienced a pattern of harassment, discrimination, and retaliation by named (Defendant Surafel G. Tafesse) and as yet unascertained employees (Defendants Jane Jones and David Davis) at Walgreens Store #12469, located in Las Cruces, New Mexico. Plaintiffs alleged violations of the New Mexico Human Rights Act (NMHRA) and asserted claims under the Whistleblower Protection Act of 2010 (WPA) and for "Public Policy (Protected Health Information, Retaliation)."

On December 22, 2020, Defendant filed the instant Motion to Dismiss on the basis that: (1) Plaintiffs' NMHRA claims were barred by the applicable statute of limitations, (2) the WPA only protects public employees and (3) there is no cause of action in New Mexico for "public policy" in the context of retail customers. **Doc. 5 at 1-2.** Plaintiffs' initial Response in Opposition, filed on January 5, 2021, requested that the Court either "toll the time to respond to the motion until the time for them to file a motion to remind [sic] has expired or, alternatively, grant them a 21-day extension of time to file a response to the motion to dismiss." **Doc. 8 at 1.** On January 11, 2021, Plaintiffs filed a Motion to Remand to State Court (**Doc. 9**), which the Court denied on May 13, 2021. **Doc. 14.**

On May 13, 2021, the Court ordered briefing on the instant Motion to Dismiss, providing Plaintiffs with 14 days to issue a response. **Doc. 15.** Plaintiffs have not filed a response. Pursuant to Local Rule 7.1(b), "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). After the deadline to respond passed, Defendants filed a notice of briefing complete. Plaintiffs again did not object to the notice or request additional leave to file a response. **Doc. 16.**

Therefore, Plaintiffs have not shown cause why the motion to dismiss should not be granted. The Court sees no reason why this case should not be dismissed, for the reasons stated by Defendants. **Doc. 5.**

In light of Plaintiffs' failure to issue a Response pursuant to the Court's Order, the Court finds that Plaintiffs have consented to dismissal. *Id*. Accordingly, Defendant's Motion to Dismiss is **GRANTED**.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (**Doc. 5**) is hereby **GRANTED**.

All claims are dismissed. A separate Judgment will be issued accordingly.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**